**GREG PEACOCK LAW**
Gregory Peacock, Esq. (SBN. 277669)
4063 Birch Street, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Alvaro Olivan

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO OLIVAN,<br><br>        Plaintiff,<br><br>        vs.<br><br>COUNTY OF ORANGE; ANTHONY MILLER; PHILLIP AVALOS; BLAKE FRANCO; ABEL ZAVALA; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Excessive / Unreasonable Force (U.S. Const. Amend. 4 & 8);<br>2. Deliberate Fabrication of Evidence (U.S. Const. Amend. 14);<br>3. Municipal Liability (*Monell* Liability) For Failure To Train And/Or Discipline (U.S. Const. Amends. 4 & 8);<br>4. Municipal Liability (*Monell* Liability) For Custom / Practice / Policy (U.S. Const. Amends. 4 & 8);<br><br>**JURY TRIAL DEMANDED** |

   **COMES NOW** Plaintiff Alvaro Olivan and shows this honorable court the following:

COMPLAINT FOR DAMAGES
1

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      Plaintiff has exhausted his administrative remedies at the County of Orange Men's Central Jail.

4.      Plaintiff's claims are timely brought as the statute of limitations has been tolled. The California Judicial Council enacted Emergency Rule 9 which tolled the statute of limitations for all civil actions from April 6, 2020 to October 1, 2020. Plaintiff's claims are also tolled pursuant to Cal. Code of Civil Proc. § 352.1 and Cal. Government Code § 945.3.

## GENERAL ALLEGATIONS

5.      Plaintiff Alvaro Olivan, hereinafter referred to as "OLIVAN" or "Plaintiff OLIVAN", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

6.      Defendant County of Orange, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

COMPLAINT FOR DAMAGES

2

7.    Defendant Anthony Miller, hereinafter also referred to as "MILLER", is, and at all times complained of herein, was, a peace officer employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant COUNTY.

8.    Defendant Phillip Avalos, hereinafter also referred to as "AVALOS", is, and at all times complained of herein, was, a peace officer employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant COUNTY.

9.    Defendant Blake Franco, hereinafter also referred to as "FRANCO", is, and at all times complained of herein, was, a peace officer employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant COUNTY.

10.    Defendant Abel Zavala, hereinafter also referred to as "ZAVALA", is, And at all times complained of herein, was, a peace officer employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant COUNTY.

11.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Orange County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

12.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Orange County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

13.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Orange County

COMPLAINT FOR DAMAGES

4

Sheriff's Department and/or defendant County of Orange, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Orange County Sheriff's Department for, *inter alia*,: 1) using excessive force upon persons; and 2) covering up tortious conduct by Orange County Sheriff's Department peace officers.

14. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Orange County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

15. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and

pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Orange County Sheriff's Department and/or otherwise with defendant COUNTY[1].

16.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

17.    In addition to the above and foregoing, Defendants MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

18.    Defendants MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

---

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

19. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth and Eighth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(Against MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive)**

20. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 19, inclusive, above, as if set forth in full herein.

21. On September 2, 2019, Plaintiff OLIVAN was an inmate at Orange County Men's Central Jail.

22. During the evening of September 2, 2019, MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, began transporting OLIVAN and other inmates from one area of the jail to another.

23. While walking in a single file line, one of the inmates behind OLIVAN got into an altercation with some of the deputes.

24. While the inmate was engaged with the deputies, OLIVAN stopped and looked at what was taking place.

25. OLIVAN did not attempt to fight the deputies or any other inmates. OLIVAN did not attempt to come to the aid of the inmate in the altercation with

COMPLAINT FOR DAMAGES

the deputies. OLIVAN merely stopped walking and looked at the inmate and the deputies.

26.    OLIVAN was not given any commands or instructions while the deputies were engaged with the other inmate.

27.    Immediately after OLIVAN stopped and looked at the inmate fighting the deputies, MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, began brutally beating OLIVAN by slamming him to the ground and repeatedly punching him in the head.

28.    OLIVAN suffered from serious physical injuries from the beating.

29.    MILLER, AVALOS, FRANCO, ZAVALA, and DOES 1 through 6, inclusive, then authored police reports which contained multiple intentional misrepresentations.

30.    The reports allege that OLIVAN was fighting the deputies.

31.    As shown on a jail video, OLIVAN did not fight the deputies and did not attempt to fight the deputies.

32.    Defendants MILLER, AVALOS, FRANCO, ZAVALA, and DOES 1 through 6, inclusive, authored the bogus reports to induce the Orange County District Attorney's Office into prosecuting OLIVAN.

33.    Relying upon the reports authored by MILLER, AVALOS, FRANCO, ZAVALA, and DOES 1 through 6, inclusive, the Orange County District Attorney's Office prosecuted OLIVAN with violating Penal Code § 69.

COMPLAINT FOR DAMAGES

34.     OLIVAN ultimately received a favorable termination of the criminal action after the video evidence was presented and the case was dismissed in a manner inconsistent with guilt.

35.     MILLER, AVALOS, FRANCO, ZAVALA, and DOES 1 through 6, inclusive, acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline.

36.     The actions of Defendants MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of OLIVAN's rights under the Fourth and Eighth Amendments to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

37.     As a direct and proximate result of the actions of Defendants MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, OLIVAN was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $2,000,000.00.

38.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of OLIVAN's constitutional rights, sufficient for an award of punitive / exemplary

COMPLAINT FOR DAMAGES

9

damages against said defendants, save COUNTY, in an amount to be proven at trial, in excess of $1,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Rights -
### Deliberate Fabrication of Evidence
### (Against MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive)

39.    Plaintiff hereby realleges and incorporates by reference the Allegations set forth in paragraphs 1 through 38, inclusive, above, as if set forth in full herein.

40.    MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, deliberately fabricated evidence that was used to criminally charge and prosecute OLIVAN.

41.    The reports authored by MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, are littered with material misrepresentations. The reports allege that OLIVAN was fighting with the deputies (something that the defendants knew was not true.) The reports were ultimately submitted to the Orange County District Attorney's Office and relied upon during the prosecution of OLIVAN.

42.    Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the prosecution of OLIVAN.

43. The actions of MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, as Complained of herein, constituted a violation of OLIVAN's rights under the Fourteenth Amendment to the United States Constitution.

44. As a direct and proximate result of the actions of Defendants MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, as complained of herein, OLIVAN: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

45. The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of OLIVAN's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $1,000,000.00.

## THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against Defendant COUNTY)**

46. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

47. As complained of herein above, the acts of Defendants MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, deprived plaintiff of his rights under the laws of the United States and The United States Constitution.

48. The training policies of COUNTY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff, including training on: 1) when force may be used and the use of reasonable force; and 2) training their deputies to cover up unlawful conduct by fellow deputies.

49. COUNTY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

50. The failure of COUNTY to provide adequate training caused the deprivation of plaintiff's rights by Defendants MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive.

51. COUNTY's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

52. As a direct and proximate result of the actions of Defendant COUNTY, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including

COMPLAINT FOR DAMAGES

attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00.

**FOURTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(Against Defendant COUNTY)**

53.      Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52 inclusive, above, as if set forth in full herein.

54.      As shown above, the actions of MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

55.      At all times complained of herein, Defendants MILLER, AVALOS, FRANCO, ZAVALA and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Orange County Sheriff's Department / defendant COUNTY:  1) for using excessive force upon persons; 2) and 2) for covering-up unlawful and tortious conduct by Orange County Sheriff's Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

56.       Said actions of said defendants were done by them under the color of state law.

COMPLAINT FOR DAMAGES

57.   As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants COUNTY, above-described, said defendants committed said actions complained of above.

58.   As a direct and proximate result of the actions of defendants COUNTY, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00;

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $1,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_/S/ Gregory Peacock_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES
14